ORIGINAL

# In the United States Court of Federal Claims

No. 13-281 C
Filed: February 24, 2014
NOT TO BE PUBLISHED

FILED

FEB 2 4 2014

U.S. COURT OF
FEDERAL CLAIMS

*******************************************
*
MAURICE MAYNARD MEYERS, *
*
Plaintiff, *pro se*, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
*******************************************

**Maurice Maynard Meyers**, Brooklyn, New York, Plaintiff, *pro se*.

**Tanya Beth Koenig**, Trial Attorney, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

BRADEN, *Judge*.

### I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.[1]

*Pro se* litigant Colonel Maurice Maynard Meyers ("Plaintiff") has filed an Amended Complaint that contains numerous allegations and requests for relief. First, the Amended

---

[1] The relevant facts discussed herein were derived from: Plaintiff's April 22, 2013 Complaint; Plaintiff's August 28, 2013 Motions; Plaintiff's September 23, 2013 Motion; Plaintiff's September 30, 2013 Memorandum; Plaintiff's November 6, 2013 Letter; Plaintiff's November 12, 2013 Motion; Plaintiff's November 20, 2013 Amended Complaint; Plaintiff's November 21, 2013 Letters; Plaintiff's November 21, 2013 Memorandum on Suspension of *Habeas Corpus*; Plaintiff's November 21, 2013 Amended Document, Amendment to the Complaint; Plaintiff's January 3, 2014 Response to the Government's December 9, 2013 Motion to Dismiss the Amended Complaint (hereinafter collectively "the Amended Complaint").

The court's factual discussion also is informed by *In re Maurice Maynard Meyers*, No. 13-572, 2013 WL 5502825 (E.D.N.Y. Oct. 2, 2013) and *Meyers v. Health & Hosp. Corp.*, No. 12-436 (CBA), slip op. (E.D.N.Y. Apr. 30, 2012) (habeas dismissed as moot), *reconsideration denied*, 2012 WL 3011031 (July 23, 2012).

Complaint alleges that Plaintiff attended a preliminary hearing in the District of Columbia Superior Court where the United States Attorney failed to appear. The Amended Complaint requests that the court eliminate the United States Attorneys' Office. Am. Compl. (Dkt. No. 1 at 2, 3).

Second, the Amended Complaint seeks an injunction against certain Government agencies and to bar the effect of decisions made by the United States District Court for the Eastern District of New York. Am. Compl. (Dkt. No. 1 at 2, 3, 9); Am. Compl. (Dkt. No. 23 at 1–3); *see also Meyers v. Soc. Sec. Admin.*, No. 09-2701, slip op. (E.D.N.Y. Oct. 30, 2009), *reconsideration denied* (Aug. 19, 2010). After unsuccessfully applying for social security benefits in Brooklyn, New York, Plaintiff applied for these benefits in Baltimore, Maryland. Am. Compl. (Dkt. No. 24 at 3). The next day, two special agents came to Plaintiff's house and asked his sister to be the payee and forced Plaintiff to sign a payee form. Am. Compl. (Dkt. No. 24 at 3). The Amended Complaint seeks $1.5 million dollars in punitive damages in addition to a lump sum payment for Plaintiff's unpaid social security payments. Am. Compl. (Dkt. No. 24 at 3).

Third, the Amended Complaint cites a series of *Doe* cases in the United States Court of Federal Claims[2] and requests that the court provide Plaintiff with a list of names of the employees who opted into those cases for future litigation. Am. Compl. (Dkt. No. 1 at 3), Am. Compl. (Dkt. No. 1 at 8). The Amended Complaint also requests that the court issue a cease and desist order of those proceedings. Am. Compl. (Dkt. No. 1 at 9).

Fourth, the Amended Complaint alleges that Plaintiff was the subject of a wrongful "suspension of habeas corpus" by former President James Carter in 1978 and former President William Clinton in 2000. Am. Compl. (Dkt. No. 20 at 1). For these actions, Plaintiff seeks $800 million dollars from each President, for a total of $1.6 billion dollars. Am. Compl. (Dkt. No. 23 at 1). The Amended Complaint further seeks to enforce a "motion for discovery" to the Air Force for information about research and development proposals. Am. Compl. (Dkt. No. 20 at 8). The Amended Complaint also alleges that Plaintiff was taken from his home in 1978, because he uncovered a conspiracy against an "established congressman." Am. Compl. (Dkt. No. 23 at 5). Apparently in retaliation, Plaintiff claims that he was abducted by three police officers and taken to the Kings County Hospital Center after someone filed false psychiatric claims against him. Am. Compl. (Dkt. No. 21 at 2); *see also* Am. Compl. (Dkt. No. 23 at 4) ("Conversion to Voluntary Status" form, indicating that Plaintiff was converted to voluntary status at the Kingsboro Psychiatric Hospital on October 28, 2013).

Fifth, the Amended Complaint requests retroactive military pay and an update of Plaintiff's military records. Apparently, Plaintiff currently is engaged in sending unsolicited proposals to the United States Air Force, the United States Marine Corps, and the United States Navy for research and development, procurement and acquisitions, and military readiness. Am.

---

[2] *See, e.g., Doe v. United States*, 463 F.3d 1314 (Fed. Cir. 2006); *Doe v. United States*, 372 F.3d 1347 (Fed. Cir. 2004), *reh'g denied* (Sep. 1, 2004); *see also Doe v. United States*, 63 Fed. Cl. 798 (2005); *Doe v. United States*, 54 Fed. Cl. 404 (2002); *Doe v. United States*, 47 Fed. Cl. 594 (2000); *Doe v. United States*, 46 Fed. Cl. 399 (2000).

Compl. (Dkt. No. 19 at 1–2). Similar proposals also were sent to the Marine Corps Systems Command that subsequently adopted Plaintiff's "rifle weapon" proposal. Am. Compl. (Dkt. No. 20 at 6). In addition, the Amended Complaint alleges that Plaintiff has submitted a "concept" describing the "M-1 Space Bomber" for which Plaintiff seeks a one percent "suggestion award." Am. Compl. (Dkt. No. 20 at 1, 5–7).

Sixth, the Amended Complaint seeks reinstatement of Social Security benefits for the period of time that Plaintiff spent in the Kingsboro Psychiatric Center. Am. Compl. (Dkt. No. 21 at 1–3).[3] The Amended Complaint alleges that Plaintiff was improperly denied certain Social Security benefits for the period November 2006 until January 2011. Am. Compl. (Dkt. No. 24 at 1–4).

On December 9, 2013, the Government filed a Motion To Dismiss. On January 3, 2014, Plaintiff filed an "Answer To Motion To Dismiss." On January 16, 2014, the Government filed a Reply.

## II. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act . . . ."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff bears the burden of establishing

---

[3] It appears that at some point, Plaintiff received a notice of cancellation of Social Security benefit payments with a notice of a $992.68 overpayment. Am. Compl. (Dkt. No. 21 at 1, 3, 4).

3

jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Standard Of Review For *Pro Se* Litigants.

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C. Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

### D. The Court's Resolution Of The Government's December 9, 2013 Motion To Dismiss The Amended Complaint.

The Amended Complaint has failed to allege a sufficient basis for subject matter jurisdiction, as discussed below.

#### 1. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Claims Concerning The Conduct Of United States Attorneys.

The United States Supreme Court has stated that a court may dismiss a claim as factually frivolous "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)); *see also Moden v. United States*, 404 F.3d 1335, 1341–42 (Fed. Cir. 2005) (construing "frivolous" as "insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit as not to involve a federal controversy"). A finding of factual frivolousness "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible," and a determination that a claim is frivolous falls within the discretion of the trial court. *Denton*, 504 U.S. at 33. To the extent that the Amended Complaint requests that the court eliminate the United States Attorneys' office, that claim is frivolous. *See Spenser v. United States*, 98 Fed. Cl.

349, 356 (2011) (holding that where plaintiff appears to assert claims against agents of the United States, those claims are frivolous).

### 2. The United States Court Of Federal Claims Does Not Have Jurisdiction To Review Decisions Of United States District Courts.

The general jurisdiction of the court, described in 28 U.S.C. § 1491, is over claims for just compensation for the taking of private property, refund of federal taxes, military and civilian pay and allowances, and damages for breaches of contracts with the Government. This does not include jurisdiction to review decisions of United States District Courts. That jurisdiction lies with the United States Courts of Appeals. 28 U.S.C. § 1291 ("The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States.").

"The [United States Court of Federal Claims] has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1727 (2011); *see also* 28 U.S.C. § 1500 ("The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the [Government.]"). At the time Plaintiff filed the April 22, 2013 Complaint, *In re Maurice Maynard Meyers*, No. 13-572, 2013 WL 5502825 (E.D.N.Y. Oct. 2, 2013) (various filings dismissed for failure to conform to Federal Rule of Civil Procedure 8) was pending in the Eastern District of New York. Plaintiff also has a Section 1983 suit pending in the United States District Court for the Eastern District of New York. *Meyers v. Health & Hosp. Corp.*, No. 13-1258 (E.D.N.Y. filed Sept. 9, 2012). That case originally was filed as a habeas corpus petition on September 4, 2012 prior to the filing of the April 22, 2013 Complaint and remains pending in the United States District Court for the Eastern District of New York. Section 1500 bars the court from adjudicating claims raised in those cases. *See Keene Corp. v. United States*, 508 U.S. 200 (1993) (dismissing case for lack of jurisdiction where the district court case was pending when the plaintiff filed a complaint in the United States Court of Federal Claims).

Therefore, the court does not have jurisdiction to review decisions by the United States District Court for the Eastern District of New York denying Plaintiff certain social security benefits for the period November 2006 until January 2011.[4]

### 3. The United States Court Of Federal Claims Does Not Have Jurisdiction To Grant Equitable Relief Or Discovery Requests From Non-Parties.

The Tucker Act authorizes certain forms of equitable relief, but does not confer jurisdiction on the court to award equitable relief in the absence of a monetary claim. *See* 28 U.S.C. § 1491(a)(2), (b)(2); *see also Fisher*, 402 F.3d at 1173 (describing the process to

---

[4] *See Meyers v. Soc. Sec. Admin.*, No. 09-2701, slip op. (E.D.N.Y. Oct. 30, 2009), *reconsideration denied* (Aug. 19, 2010); *Maynard v. Soc. Sec. Admin.*, No. 11-6046 (CBA), 2012 WL 2319249 (E.D.N.Y. June 19, 2012) (dismissed without prejudice for failure to exhaust administrative remedies), *reconsideration denied* (Oct. 31, 2012 and July 11, 2013).

determine if a statute is money-mandating). As such, the court cannot grant broad equitable remedies, and may only grant declaratory and injunctive relief in limited circumstances not applicable here. *See Stephenson v. United States*, 58 Fed. Cl. 186, 193 (2003). ("[T]his court . . . cannot grant broad equitable remedies . . . [and] lacks authority to grant declaratory and/or injunctive relief.").

The court does not have jurisdiction over discovery requests from non-parties. *See Kennedy v. United States*, 19 Cl. Ct. 69, 75 (1989) (dismissing claims because they were not for a money judgment against the United States).

Therefore, the court does not have jurisdiction over the Amended Complaint's request for the names of the 12,300 individuals involved in the above-referenced *Doe* cases.

### 4. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Habeas Corpus Claims.

Congress did not authorize the United States Court of Federal Claims to adjudicate habeas corpus claims. *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."); *see also Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) ("[T]he habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus."). Accordingly, Plaintiff's habeas claim must be dismissed.

### 5. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Retroactive Military Pay Nor Veterans' Benefits Claims In This Case.

As a matter of law, a service member's status and right to pay and allowance in the armed forces is set forth by statutes and regulations. *See* 10 U.S.C. § 101 (defining "uniformed services" and terms relating to military personnel); *see also Bell v. United States*, 366 U.S. 393 (1961) ("The term 'active service' has a precise meaning in armed forces, not dependent upon individual conduct."). A member's status determines whether the court has jurisdiction to entertain suit. *See* 37 U.S.C. § 204 (defining entitlements for military personnel); *id.* § 206 (defining entitlements for military reserves). The Amended Complaint does not allege a plausible claim that Plaintiff has active status in the military or is entitled to retroactive military pay or any other monetary award, other than to assert that he is due a one percent "suggestion award" for unsolicited proposals. Am. Compl. (Dkt. No. 19 at 2). The Amended Complaint also does not cite any money-mandating statute nor allege any facts to support jurisdiction in this case. *See Shalhoub v. United States*, 75 Fed. Cl. 584, 586 (2007) (dismissing claim for military pay because the plaintiff's claim was not based on any factual predicate); *see also Albino v. United States*, 104 Fed. Cl. 801, 814–15 (2012) (noting that the Military Pay Act "is only money-mandating when a plaintiff is *involuntarily* separated from the Armed Forces" (emphasis in original)).

To the extent the Amended Complaint seeks veterans' benefits, the court does not have jurisdiction to entertain such a claim. Veterans' benefits claims fall within the exclusive

adjudicatory scheme set in Title 38 of the United States Code. *See* 38 U.S.C. § 511.[5] Section 511(a) of Title 38 precludes judicial review of veterans' benefits determinations in this court. *See Addington v. United States*, 94 Fed. Cl. 779, 783 (2010) (holding that the United States Court of Federal Claims does not have jurisdiction over veterans' benefits determinations); *Ferreiro v. United States*, 72 Fed. Cl. 1, 6 (2006) *aff'd*, 501 F.3d 1349 (Fed. Cir. 2007) (citing 38 U.S.C. § 511) (same).

Under the Veterans Judicial Review Act of 1988, 38 U.S.C. §§ 7251–98, Congress established a comprehensive remedial scheme for the adjudication of veterans' benefits. Exclusive jurisdiction to adjudicate appeals from a denial of benefits by the Board of Veterans Appeals lies with the United States Court of Appeals for Veterans Claims. 38 U.S.C. § 7252(a) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals."). Appeals therefrom have been assigned to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7252(c) ("Decisions . . . are subject to review as provided in section 7292 of this title."); *id.* § 7292 ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section."). As such, the United States Court of Federal Claims does not have jurisdiction to adjudicate such claims. *See Davis v. United States*, 36 Fed. Cl. 556, 559 (1996) (citing *Gardner v. Brown*, 5 F.3d 1456, 1463 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994) ("Jurisdiction for appeals from the Court of Veterans Appeals lies exclusively in the United Court of Appeals for the Federal Circuit.")).

### 6. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Social Security Benefits Claims.

The court does not have jurisdiction to entertain suits for social security benefits; such claims must be brought in the district courts. *See* 42 U.S.C. § 405(g), (h) (limiting judicial review of final decisions of the Commissioner of Social Security); *see also Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[T]he Claims Court has no jurisdiction under the Tucker Act . . . over claims to social security benefits[.]"); *Hickman v. United States*, 226 Ct. Cl. 716, 717, *cert. denied*, 454 U.S. 847 (1981). Nor does the United States Court of Federal Claims have authority to grant punitive damages. *Garner v. United States*, 230 Ct. Cl. 941, 943 (1982) ("[P]unitive damages are not within the jurisdiction of this court." (citing *United States v. King*, 395 U.S. 1 (1969); *Vincin v. United States*, 199 Ct. Cl. 762, 468 F.2d 930 (1972))).

Plaintiff has twice brought a similar claim in United States District Courts. *See Meyers v. Soc. Sec. Admin.*, No. 09-2701, slip op. (E.D.N.Y. Oct. 30, 2009), *reconsideration denied* (Aug. 19, 2010), and *Maynard v. Soc. Sec. Admin.*, No. 11-6046 (CBA), 2012 WL 2319249 (E.D.N.Y. June 19, 2012) (dismissed without prejudice for failure to exhaust administrative remedies), *reconsideration denied* (Oct. 31, 2012 and July 11, 2013). To the extent that Plaintiff challenges

---

[5] Section 511(a) provides: "The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary... the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a).

7

those rulings, this court does not have jurisdiction. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (The United States Court of Federal Claims, however, "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts.").

### III.   CONCLUSION.

For these reasons, the Government's December 9, 2013 Motion to Dismiss the Amended Complaint is granted. Accordingly, the Clerk is directed to dismiss the November 20, 2013 Amended Complaint.

In addition to the Amended Complaint in this court, Plaintiff has filed numerous complaints in other courts.[6] Based on a review of Plaintiff's claims and correspondence, the court finds that Plaintiff's contacts with this court show "indicia of frivolousness and harassment," namely in both the number of filings and their lack of merit. *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (holding that the court should look to "both the number and content of the filings as indicia of frivolousness and harassment"); *see also Hemphill v. Kimberly-Clark Corp.*, 374 Fed. App'x 41 (Fed. Cir. 2010) (following the guidelines discussed in *In re Powell* concerning anti-filing injunctions for *pro se* litigants).

Pursuant to Rule 11(c)(3) of the Rules of the United States Court of Federal Claims, Plaintiff has thirty (30) days to show cause why this court should not issue an antifiling injunction. *See also In re Powell*, 851 F.3d at 433 (suggesting that a "district court should consider issuing an order to show cause" before issuing an antifiling injunction). If Plaintiff does

---

[6] Plaintiff initiated several other *pro se* actions. *See Meyers v. Health & Hosp. Corp.*, No. 12-4450 (CBA), slip op. (E.D.N.Y. Mar. 6, 2013) (dismissing habeas petition for failure to comply with court order to identify the constitutional basis for deprivation); *Meyers v. Health & Hosp. Corp.*, No. 12-436 (CBA), slip op. (E.D.N.Y. Apr. 30, 2012) (habeas dismissed as moot), *reconsideration denied*, 2012 WL 3011031 (July 23, 2012); *Meyers v. Koloony*, No. 11-2756 (CBA), slip op. (E.D.N.Y. Sep. 12, 2011) (dismissing habeas petition for failure to comply with Rule 8 of the Federal Rules of Civil Procedure or Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts); *Meyers v. New York Presbyterian Hosp.*, No. 10-3819 (CBA), 2011 WL 3924871 (E.D.N.Y. Sep. 7, 2011) (dismissing for failure to prosecute); *Meyers v. Health & Hosp. Corp.*, No. 09-1986 (CBA), slip op. (E.D.N.Y. Apr. 13, 2011) (dismissing for lack of subject matter jurisdiction), *reconsideration denied* (Apr. 16, 2012); *Meyers v. Williams*, No. 10-620 (CBA), 2011 WL 721647 (E.D.N.Y. Feb. 22, 2011) (dismissing habeas petition as moot), *reconsideration denied* (Aug. 19, 2011).

Plaintiff has filed at least three prior actions in the United States District Court for the District of Columbia challenging his involuntary hospitalization. *Meyers v. Health & Hosp. Corp.*, No. 09-1986 (CBA), slip op. (E.D.N.Y. Apr. 13, 2011) (dismissing for lack of subject matter jurisdiction), *reconsideration denied* (Apr. 16, 2012); *Meyers v. Williams*, No. 10-620 (CBA), 2011 WL 721647 (E.D.N.Y. Feb. 22, 2011) (dismissing habeas petition as moot), *reconsideration denied* (Aug. 19, 2011); *Meyers v. New York Presbyterian Hosp.*, No. 10-3819 (CBA), 2011 WL 3924871 (E.D.N.Y. Sep. 7, 2011) (dismissing for failure to prosecute).

not do so, the Clerk will be further directed to accept no other actions or filings by Maurice Maynard Meyers, without an Order of the Chief Judge of the United States Court of Federal Claims. *See* RCFC Rule 11(b) (barring the filing of unwarranted or frivolous claims).

In the interim, the Clerk's Office shall reject any additional complaints from Plaintiff unless accompanied by the court's required filing fee.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**